IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:26-cv-366

| | |
|---|---|
| MICHAEL KENAS and KATHLEEN KENAS,<br><br>Plaintiffs,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY,<br><br>Defendant. | **<u>NOTICE OF REMOVAL</u>** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Standard Fire Insurance Company ("The Standard"), by and through its undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, to the United States District Court for the Western District of North Carolina. In support thereof, The Standard states as follows:

1.      This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, on March 25, 2026, under the name and style of *Michael Kenas and Kathleen Kenas v. The Standard Fire Insurance Company*, 26CV017196-590 (*See* true and accurate copies of the Civil Summons and Complaint, attached as **Exhibits 1 and 2** respectively).   Because Mecklenburg County is situated within this district, this Court is the proper venue for removal.  *See* 28 U.S.C. § 1446(a).

2. On April 2, 2026, the North Carolina Department of Insurance ("DOI") received and accepted a copy of the Civil Summons and Complaint. (*See* a true and accurate copy of the Service of Process dated April 9, 2026, attached hereto as **Exhibit 3**).

3. On April 9, 2026, the DOI mailed copies of the Civil Summons and Complaint to The Standard. *Id*.

4. The Standard received copies of the Civil Summons and Complaint from the DOI on April 27, 2026 (*See* a true and accurate copy of the USPS Tracking Information, attached hereto as **Exhibit 4**). Accordingly, The Standard's time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the Summons and Complaint).

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

5. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and The Standard.

### I. Complete Diversity of Citizenship Exists

6. Plaintiffs are citizens of North Carolina. (*See* Ex. 2 at ¶ 2).

7. The Standard is a corporation organized and existing under the laws of the State of Connecticut and has its principal office located in Hartford, Connecticut. Therefore, The Standard is a citizen of Connecticut.

8. Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II. The Amount in Controversy Exceeds $75,000

9. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. The Complaint alleges that The Standard breached its contract with Plaintiff and "Plaintiff seeks damages for more than twenty-five thousand dollars ($25,000.00), not to exceed seventy-five thousand dollars ($75,000.00)." (*See* Ex. 2 at ¶ 1).

11. Plaintiff's Complaint also states that "Defendant violated N.C.G.S. 58-63-15[]" and seeks treble damages pursuant to the Unfair and Deceptive Trade Practices Act. (*See id.* at ¶¶ 16-21).

12. As a general rule, the amount in controversy is determined by "the status of the case as disclosed by the plaintiff's complaint." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US. 283, 291, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

13. This Court should retain jurisdiction of this matter as the amount in controversy is unclear from the face of the Complaint and Plaintiffs' Complaint establishes an amount in controversy above $75,000.00 by a preponderance of the evidence.

**A. The Amount in Controversy is Unclear from the Face of Plaintiffs' Complaint and the Amount in Controversy Exceeds $75,000.00 by a Preponderance of the Evidence.**

14. In *McDonald v. Automoney, Inc.,* this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[**,]' the defendant may assert the amount in controversy

3

in the Notice of Removal." No. 1:21CV114, 2021 U.S. Dist. LEXIS 228681, at *4-5 (M.D.N.C. Nov. 30, 2021), (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

15. Likewise, in *Cannon v. AutoMoney, Inc.*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > > (i) nonmonetary relief; or
> > >
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

Case No. 1:19-cv-00877, 2020 U.S. Dist. LEXIS 103433, at *7-8 (M.D.N.C. May 12, 2020)(*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

16. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiffs' Complaint.

17. Plaintiffs' pre-litigation demand demonstrates that they believe their damages far exceed the jurisdictional limitation of $75,000.00.

18. Plaintiffs allege they had a policy with The Standard and they made a wind and hail claim under that policy. The claim was assigned claim no. I9G0964 (*See* Ex. 2 at ¶¶ 4-9).

19. Plaintiffs claim that their total damages are $43,316.28. (*See* Plaintiffs' Pre-litigation Demand Letter, dated January 7, 2025, a true and accurate copy is attached hereto as **Exhibit 5**).

20. Moreover, when determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).

21. Trebling the damages as demanded by Plaintiffs makes the amount in controversy $129,948.84.

22. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

23. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

24. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

25.     Pursuant to 28 U.S.C. § 1446(a), the summons is attached as **Exhibit 1,** and the Complaint is attached as **Exhibit 2**. No other pleadings, process, or orders have been served upon The Standard in this action.

26.     All documents associated with Case No. 26CV017196-590 of which Defendant is aware are attached hereto.

27.     The Standard reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

28.     Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Mecklenburg County, and served on the other parties to this action forthwith.

Respectfully submitted, this the 8th day of May, 2026.

/s/*Andrew K. Sonricker*
Andrew K. Sonricker (N.C. Bar No. 55224)
Rachel E. Keen (N.C. Bar No. 27777)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com
Email: rachel.keen@wbd-us.com

*Attorneys for The Standard*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on May 8, 2026, he served a copy of the foregoing **NOTICE OF REMOVAL** via mail to:

J. David Matheny II
Matheny Law, PLLC
8936 Northpointe Executive Park, Suite 240-260
Huntersville, NC 28078
Email: mathenylawpllc@gmail.com

*Attorney for Plaintiff*

/s/ *Andrew K. Sonricker*
Andrew K. Sonricker, (N.C. State Bar No. 55224)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com